**Frank GOINES \***

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare.**

Civ. A. 1242.

United States District Court
W. D. Virginia,
Roanoke Division.

Jan. 16, 1963.

George B. Cooley, Hillsville, Va., for plaintiff.

H. Garnett Scott, Asst. U. S. Atty., Roanoke, Va., for defendant.

MICHIE, District Judge.

Plaintiff filed this suit to reverse a final decision of the Social Security Administration denying his application for the establishment of a period of disability and/or the payment of any disability benefits due him under the Social Security Act.

"Disability" is defined in the Act (§§ 216(i)(1)(A) and 223(c)(2), 42 U.S.C.A. §§ 416(i)(1)(A) and 423(c)(2)) to mean:

> *"inability to engage in any substantial gainful activity* by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." (Emphasis supplied.)

Further § 205(g) of the Act (42 U.S.C.A. § 405(g)) provides that on review of a final decision of the Administration in a suit brought in a District Court:

> "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive  \*  \*."

The issue in this case is therefore whether there was any substantial evidence before the Secretary which supports his finding of fact that the plaintiff was not disabled as that term is defined in the Act. I find that there was.

The plaintiff worked in a cotton mill in North Carolina for about 20 years. About 1945 he purchased a farm in Virginia and moved his family to it, continuing to work in North Carolina but coming up to the farm for weekends. In August 1954 he was fairly seriously hurt in an automobile accident. He never returned to work in the cotton mill. The

---

\* In the certification of the record by the Chairman of the Appeals Council of the Social Security Administration and in all the papers filed in this cause in this court the plaintiff's name is spelled Goins but in all of the other papers in the proceedings, including several clearly legible signatures of the plaintiff, it is spelled Goines. Consequently the latter spelling is used in this opinion.

reason he gives is disability resulting from the accident but he also testified that after buying the farm he "kept working in North Carolina until I got it paid for."

As is not unusual in these cases the medical reports leave one in the dark as to the effect upon the plaintiff's ability to work of the physical impairments found to exist. I have commented on this before (see Sparks v. Ribicoff, D.C., 197 F.Supp. 174, Isom v. Ribicoff, D.C., 204 F.Supp. 572) and have in some instances accepted the opinion of doctors whose reports have stated that the plaintiff's injuries rendered him unable to work as against other medical reports relied on by the Secretary which did not state the effect of the impairments found to exist upon the plaintiff's ability to work, Isom v. Ribicoff, supra.

The medical reports in this case are for the most part subject to the foregoing not uncommon criticism. But there is a report of Dr. Walter A. Porter which states "light chores" in answer to the line of the form reading "Describe specific restrictions, if any, on patient's activity."

A report from Dr. Frank E. Taylor concludes:

"The patient has evidence of seventh nerve paralysis on the right, with marked visual diminution in the right eye, which should be evaluated by an ophthalmologist with vitreous or lense opacities, and a dilated fixed pupil. There does not seem to be any evidence of any other neurological deficit, and the problem with his back would seem to be more of an orthopedic problem."

Finally a report from Dr. Ernest J. Keffer, Jr. concludes with the final diagnosis as follows:

"1) Traumatic injury to the cranial nerves number 5 and 7 from old injury 1954 resulting in paralysis of the right side of the face.

"2) Traumatic injury of the right side of the face resulting in a partial loss of vision in the right eye, the extent of which was not determined at this examination.

"3) Partial collapse of the L-5 interspace with very mild osteoarthritic changes of the lumbar spine."

For all I know this may be more serious than it sounds but there is nothing in the record to explain it and it does not sound too serious to the uninitiated. At least I cannot infer from it that the plaintiff is unable to engage in any substantial gainful activity.

And the fact is that he is, or at least was at the time of the hearing before the Hearing Examiner, engaged in substantial gainful activity. He is supporting a large family by farming.

Plaintiff testified that he had had 12 children of whom two were dead, five were married and not living with him and five were at home. Two of these were boys aged 10 and 12. Presumably some of the five married children have been fairly recently married so that it seems probable that during much of the time since plaintiff's injury he had more than five children at home who, along with his wife and himself, he supported by his farming activities.

It is true that plaintiff in his testimony sought to minimize his own activity on the farm. He claimed that the boys, 10 and 12, helped quite a bit and doubtless they did with some of the light work. He claimed that it was a small farm of only 176 acres only about 20 acres of which was cleared and the rest in woodland. He admitted that he worked in the garden, milked and cut wood. He claims that he hires help for certain purposes but this is certainly not unusual in the operation of a farm. A successful farmer who is able to hire help is nonetheless a farmer.

I do not mean to imply that the plaintiff is well-to-do and able to give his family the luxuries which most Americans are able to afford. But on the other hand there is nothing to indicate that the family is any worse off than thou-

sands of other farm families on marginal farms.

Finally, with respect to the work he was doing, plaintiff was asked whether the work he did on the farm was as hard or lighter than what he did when he worked in the mill and he replied:

"Well, I don't think that it would be no harder. What little I do would not be no harder."

When we eliminate the two double negatives the plaintiff is saying that he is not working any harder now than he did at the mill. But he does not say that he worked harder at the mill.

It seems to me that there is substantial evidence to support the Administration's determination that the plaintiff is able to engage in substantial gainful activity and judgment must therefore go for the defendant.

An order will be entered accordingly.